**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CRIM NO. 21-CR-198-TSC** |
| **TROY ANTHONY SMOCKS,** | ) | **Judge: Chutkan** |
| | ) | |
| **Defendant.** | ) | |

**AMENDED[1] MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT**

COMES NOW Troy Anthony Smocks, by and through counsel, and moves to dismiss the present matter due to violation of the Speedy Trial Act. As reasons therefor, defendant states as follows:

1. On January 14, 2021, the government filed a complaint in this matter, along with a motion to seal the case. That motion was granted on the same day by a magistrate judge, and, consequently, the sealed complaint was filed with this honorable court, the United States District Court of the District of Columbia.

2. On January 15, 2021, the next day, defendant Troy Anthony Smocks was arrested in the Eastern District of Texas. The motion to unseal the case was

1 This amended motion is being filed to correct some editing errors. A less edited, earlier version was filed inadvertently and is being replaced with this corrected version. There have been no changes in arguments presented in the original motion. The government does not object to this action, and undersigned counsel apologizes for the inconvenience.

Filed, and an order granting the unsealing of the case was issued by this honorable court on the same day as well.

3. On March 9, 2021, Mr. Smocks was indicted in this matter. In the two-count indictment, Mr. Smocks is charged in both counts of Threats in Interstate Communication, in violation of 18 U.S.C. § 875(c). Each count carries a maximum penalty of five years and/or a fine. Mr. Smocks, to date, has not been arraigned on those charges.

4. On March 7, 2021, Mr. Smocks prepared and signed a *pro se* motion entitled "Motion for Dismissal of Criminal Complaint with Prejudice, Pursuant to Rule 12(b)(3)(B)(v) F.R. Crim. P., and Violation of the Speedy Trial Act, 18 USC § 3161(b), and, 18 USC § 3162(a)(1)" (hereinafter "Pro Se Motion"). The Pro Se Motion was a fifteen-page filing consisting of a motion, memorandum, proposed order, and a one-page exhibit entitled "Exhibit A."[2] Upon information and belief, the Pro Se Motion was received by this court on March 15, 2021. The present motion incorporates by reference the arguments and exhibits made therein in the Pro Se Motion. Defendant therefore insists that any response by the government to the present pleading should address the legal arguments presented in the Pro Se

2 The Pro Se Motion is fourteen pages long and the exhibit is one page. The pages include a page 11 and a page 11(a).

Motion.

5. On March 18, 2021, undersigned counsel entered his appearance under the Criminal Justice Act to represent Mr. Smocks.

6. Upon information and belief, Mr. Smocks finally arrived in the District of Columbia on or about March 25, 2021. The court and defense counsel were officially made aware of Mr. Smocks' arrival via a Notice of Arrival Memorandum from the United States Marshals Service dated March 26, 2021.

**ARGUMENT**

While the complaint in this matter was dated January 14, 2021, Mr. Smocks was arrested on January 15, 2021. At no time is there any indication in the record that Mr. Smocks has waived any time under the Speedy Trial Act. Nevertheless, the government indicted this matter on March 9, 2021, or fifty-four (54) days after his arrest on January 15, 2021. In the meantime, however, Mr. Smocks has yet to be arraigned on the indictment, only having arrived at this jurisdiction on or about March 25, 2021, or seventy (70) days after his arrest.

The Speedy Trial Act is codified in the United States Code in 18 U.S.C. § 3161 *et seq*. *See* United States v. Hines, 694 F.3d 112 (D.C. Cir. 2012). "The Speedy Trial Act provides that an indictment must be filed 'within thirty days from the date on which [an] individual was arrested.'" United States v. Bowman, 496

F.3d 685 (D.C. Cir. 2007)(citing 18 U.S.C. § 3161(b)). That time limitation is codified within 18 U.S.C. § 3161(b), which states, in its entirety, as follows:

> (b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days. 18 U.S.C. § 3161(b).

The same statute further permits time to be excluded for different reasons. These exclusions are provided under 18 U.S.C. § 3161(h). While most of the exclusions do not appear in the facts at bar (e.g., competency issues, interlocutory appeals), Mr. Smocks submits that one of the exclusions of time involves delays based upon transportation of the defendant and, therefore, is arguably applicable to the present case. Time excluded for transportation of the defendant is covered within 18 U.S.C. § 3161(h)(1)(F), which states:

> (h)The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to— [….]
>
> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing

> such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

Accordingly, under statute, time is permitted be excluded due to transportation of a defendant from another district. However, only ten (10) of the days in getting Mr. Smocks transported from Texas, where he was arrested, to the District of Columbia are statutorily allowed to be excluded by such a delay under the clear terms of the statute. Accordingly, removal of those excludable ten (10) days of the time period between the arrest and his indictment makes the remaining time of forty-four (44) days "unreasonable" and not excludable under any other section. Therefore, given that the forty-four (44) days is fourteen (14) days, or a full two weeks, greater than the statutorily permitted thirty (30) days, the government, without reason nor explanation, has, as statutorily defined, "unreasonably" allowed the time limit to be exceeded and thus violated the statute and Mr. Smocks' rights under the Speedy Trial Act. Accordingly, given these factors, this Honorable Court should find there is a violation of the statute due to the delays caused solely by the government.

As described *supra*, based upon the nonexcludable days beyond the thirty (30) day limitation, it is clear there has been a violation under 18 U.S.C. § 3161. Accordingly, the applicable sanction that is available to the court is provided in 18 U.S.C. § 3162. Specifically, 18 U.S.C. § 3162(a)(1) covers the delay applicable in

this particular case and circumstances, the time delay between the complaint and the indictment. That section states:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint **shall be dismissed or otherwise dropped**[.] 18 U.S.C. § 3162(a)(1)(emphasis added)

Since the sanction mandated under the statute is one of dismissal, the court should do so in compliance with the statute. Mr. Smocks submits that the only issue before the court is whether this dismissal of this case should be one with prejudice or without prejudice. That determination is one guided in the remaining language under 18 U.S.C. § 3162(a)(1), which states:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. *Id.*

*See, e.g.,* United States v. Bowman, 496 F.3d 685 (D.C. Cir. 2007).

Accordingly, the court needs to make an analysis of whether this case should be dismissed with prejudice or without prejudice. The Supreme Court has indicated that it "is plain from this language [of the statute that] courts are not free simply to exercise their equitable powers in fashioning an appropriate remedy, but in order to proceed under the Act, must consider at

least the three specified factors." United States v. Taylor, 487 U.S. 326, 333 (1988). When the court considers the factors listed, Defendant Smocks submits that all three factors weigh clearly to dismissal with prejudice. A dismissal with prejudice in such a case would bar prosecution on the same charge. *See* United States v. Bittle, 699 F.2d 1201, 1206 (D.C. Cir. 1983). Each factor is discussed individually below.

1) **The seriousness of the offense**: Mr. Smocks is one of the cases that arose in relation to the attack on the U.S. Capitol earlier this year. This involved allegedly hundreds of individuals who forced their way into the U.S. Capitol while a joint session of congress was convening to certify the Electoral College vote. There is no doubt that there were many actors who caused fear, damaged property, and even caused injuries and loss of lives. The Four Hour Insurrection: How a Trump Mob Halted Democracy *https://www.washingtonpost.com/graphics/2021/politics/trump-insurrection-capitol/* (January 7, 2021). This date and the events that occurred within the U.S. Capitol will not be forgotten for years to come.

The charges Mr. Smock is facing, however, do not involve any of those specific actions. In fact, there is no allegation that Mr. Smocks was even in or around the U.S. Capitol on that day. Instead, Mr. Smocks is accused in his two-

count indictment of making general written threats via social media. These statements, apparently made **after** the events described above, are threats not encouraging the actions that prompted the actions of January 6th, but instead are statements allegedly making threats for future actions, including, as indicated in Count One, threats to return prior to Inauguration Day, specifically, on January 19th, 2021. Despite the passing of those dates referred to in the alleged threats, no violence ever occurred. The government in the indictment does not allege that there was any damage, injury, actions, preparation and/or perpetration, legal or illegal, that occurred due to Mr. Smocks' statements. Nor is there any indication that any other person took any specific action or was incited by Mr. Smocks' statements. Indeed, to defendant's knowledge, no violent incident happened on January 19th, 2021, or any day after January 6th that is in any way connected to the statements allegedly made by Mr. Smocks. While a threat is undoubtedly an illegal act, the fact that nothing had occurred makes the effect of Mr. Smocks' alleged speech was *de minimis*. Therefore, given the absence of any act instigated due to these threats, Mr. Smocks' comments are the equivalent to the metaphorical tree falling in the woods not making a sound. Given the lack of any consequence of Mr. Smocks' speech, this factor weighs in favor of dismissal with prejudice.

2) **The facts and circumstances of the case that led to dismissal** – This factor also weighs heavily in favor of Mr. Smocks. From the date of arrest of January 15, 2021, Mr. Smocks has remained incarcerated without being indicted entirely through no fault of his own. Indeed, it is exclusively the government and the executive branch, through the U.S. Attorney's Office and/or the U.S. Marshals, that has caused the violation of the Speedy Trial Act that is the basis for this dismissal. To the contrary, Mr. Smocks even went to the effort of contacting the court directly by filing a pleading in order to get the government to do what it was required to do under the law in a timely manner – but to no avail. The government has not provided any justification to explain the close to two month delay from his arrest to his indictment, as well as the two-and-a-half-month delay of getting Mr. Smocks to the District of Columbia. Accordingly, this factor also weighs in favor of dismissal with prejudice.

Furthermore, the court should also consider that we are discussing the violation being the failure of the government to indict Mr. Smocks' case. The indictment process, as this court well knows, is a procedure that lies entirely in the hands of the government. Unlike a trial, which requires a defendant's presence, obtaining an indictment is a proceeding that occurs entirely without the need of a defendant. The presentation of the evidence to the grand jury did not require Mr.

Smocks to be within the District of Columbia; only the arraignment on that indictment requires Mr. Smocks' presence, which these days may be accomplished either virtually or in person. Accordingly, the indictment could have been issued easily within the time periods mandated under the law, and the government was not hampered in any way of doing so due to Mr. Smocks' absence. Instead, the government chose to proceed in a delayed fashion – all the while turning a blind eye to Mr. Smocks' constitutional rights. This is further reason why dismissal with prejudice is appropriate in this case.

3) **The impact of a reprosecution on the administration of this chapter and on the administration of justice** – This factor also favors Mr. Smocks and a dismissal with prejudice. If this matter is dismissed, Mr. Smocks will almost certainly return to his home in Texas. Should the government decide to reprosecute this matter again, because the matter was dismissed without prejudice, we will undoubtedly begin this entire cycle of having to bring Mr. Smocks to this jurisdiction once again. Mr. Smocks will be rearrested, and he will need to be transported again to the District of Columbia. Mr. Smocks will once again be at the mercy of the U.S. Marshals and/or the U.S. Attorney's Office in getting him back to Washington, D.C. We have no reason to think that a replay of the exact scenario will not reoccur. The court and the defense will once again be essentially helpless

in once again preventing the same delays. Accordingly, this matter should be dismissed with prejudice.

The government has callously ignored Mr. Smocks' speedy trial rights in failing to take the actions in the time statutorily required. Accordingly, given the factors that the court needs to consider under 18 U.S.C. 3162(a)(1), for the reasons stated above, this court should dismiss the case with prejudice. Respectfully, having the court dismiss the case without prejudice will simply allow the government to redo this process, thus further trampling the speedy trial rights of Mr. Smocks, and not teaching the government a lesson due to failing to take Mr. Smocks' constitutional rights seriously. Given the fact that such actions are occurring upon a proper motion by the defendant, a dismissal without prejudice will essentially penalize the defendant for asserting his own constitutional rights – a Pyrrhic victory that will, ironically, make Mr. Smocks be the only one to suffer true consequences.

WHEREFORE, for the reasons and arguments made above, Defendant Troy Anthony Smocks prays that the court dismiss the matter with prejudice.

Respectfully submitted,

TROY ANTHONY SMOCKS
By Counsel

/s/ John L. Machado

John L. Machado, Esq.
Bar No. 449961
Counsel for Troy Anthony Smocks
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 4th day of April, 2021, which will send a notification of such filing (NEF) to the following to all counsel of record.

/s/John L. Machado

John L. Machado, Esq.
Bar Number 449961
Attorney for Troy Anthony Smocks
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com