**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CRIM NO. 21-CR-198-TSC** |
| **TROY ANTHONY SMOCKS,** | ) | **Judge: Chutkan** |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR RECONSIDERATION
OF DETENTION ORDER**

COMES NOW Troy Anthony Smocks, by and through counsel, and submits his motion for reconsideration of the Detention Order entered by the Honorable United States Magistrate Judge Christine Nowak in the United States District Court for the Eastern District of Texas on January 31, 2021, docket number 4:21-mj-33. In support thereof, Mr. Smocks states as follows.

1.      On January 15, 2021, defendant Troy Anthony Smocks was arrested in the Eastern District of Texas. On that day, a detention and preliminary hearing was scheduled for January 21, 2021.

2.      On January 21, 2021, Mr. Smocks appeared with counsel before Magistrate Judge Christine Nowak of the Eastern District of Texas for the detention and preliminary hearing. The Court held a pretrial detention hearing pursuant to 18 U.S.C.§ 3142(f) and, after having found probable cause, determined

that no combination of release conditions can reasonably assure public safety and Defendant's appearance, finds that Defendant should be detained pending trial. The court subsequently issued a detention order, dated January 31, 2021, and it is attached hereto as Exhibit 1.

3.      On March 9, 2021, Mr. Smocks was indicted in this matter. In the indictment, Mr. Smocks is charged with two counts of Threats in Interstate Communication, in violation of 18 U.S.C. §875(c). Each count carries a maximum penalty of five years a fine not to exceed $250,000, a term of supervised release of at not more than three (3) years, and a $100 special assessment.

4.      While in custody, Mr. Smocks was transported to the District of Columbia, eventually arriving in this jurisdiction on or about March 25, 2021.[1]

5.      On April 2, 2021, Mr. Smocks was arraigned on the two-count indictment in this matter. This is the first motion presented to this Honorable Court asking for review of Mr. Smocks' bond status.

## **Argument**

As this Court reviews the findings of the magistrate court, it will do so using a *de novo* standard of review. "'The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional

---

[1] The greater than two-month delay in getting Mr. Smocks from Texas to the District of Columbia is the subject of a Motion to Dismiss for violation of the Speedy Trial Act currently pending before this court.

evidence and rely on its own reasons.'" United States v. Johnston, 2017 U.S. Dist. LEXIS 159461, *8 (D.C. Cir. 2017) (citing United States v. Hubbard, 962 F. Supp. 2d 212, 215 (D.D.C. 2013) (quoting United States v. Sheffield, 799 F. Supp. 2d 18, 20 (D.D.C. 2011)); see also United States v. Hitselberger, 909 F. Supp. 2d 4, 7 (D.D.C. 2012)).

Determination of whether a defendant should be detained must always begin with a presumption in favor of release. United States v. Ali Muhamed Ali, 793 F. Supp. 2d 386, 387 (D.D.C. 2011). "'In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" Id. (citing United States v. Gloster, 969 F. Supp. 92, 96-97 (D.D.C. 1997) (quoting United States v. Salerno, 481 U.S. 739, 755 (1987))). "The Bail Reform Act of 1984" (Act), 18 U.S.C. § 3141 et seq., sets forth the limited circumstances in which a defendant may be detained before trial despite the presumption in favor of liberty." United States v. Yaming Nina Qi Hanson, 613 F. Supp. 2d 85, 86 (D.D.C. 2009). The court is tasked with determining whether the defendant poses a flight risk or a danger to any other person and the community. 18 U.S.C. § 3142. Determination of whether the defendant is a flight risk is weighed by a preponderance of the evidence, and whether the defendant poses a danger to the community is determined by a standard of clear and convincing evidence. United

States v. Ali Muhamed Ali, 793 F. Supp. 2d at 387. Clear and convincing evidence means proof that the particular defendant actually poses a danger to the community, not that a defendant "in theory" poses a danger. United States v. Patriarca, 948 F.2d 789 (1st Cir. 1991). Only if there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty. United States v. Ploof, 851 F.2d 7 (1st Cir. 1988).

For a court to detain a defendant pending trial, one of six (6) factors enumerated in 18 U.S.C. § 3142(f) must be satisfied. Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a person awaiting trial on a federal offense may either be released on personal recognizance or bond, conditionally released, or detained. See 18 U.S.C. § 3142(a). The Act establishes procedures for each form of release, as well as for temporary and pretrial detention. Detention until trial is relatively difficult to impose. First, a judicial officer must find a circumstance triggering a detention hearing. See 18 U.S.C. § 3142(f). Statutorily, Mr. Smock's charge of threats in interstate commerce, in violation of 18 U.S.C. § 875(c), constitutes a "crime of violence" under 18 U.S.C. § 3142(f)(1)(A). See 18 U.S.C. § 3156(a)(4)(A)("the term "crime of violence" means… an offense that has as an element of the offense the use, attempted use, or threatened use of physical force

against the person or property of another"). The judicial officer is then tasked with determining (1) whether the case involves a crime specified in the statute; and (2) whether a condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community. 18 U.S.C. § 3142(f)(1). At the hearing, the judicial officer must determine whether the Government has shown that 'no condition or combination of conditions will reasonably assure the appearance of the person,' or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e).

Under 18 U.S.C. § 3142(g), the statute sets out the factors a court must consider in making that determination: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Accordingly, Mr. Smocks will address each of these factors separately and,

after doing so, Mr. Smocks submit that, after consideration of all the factors, this court should release him.

In this matter, the basis for the charges involves two specific media posts, one for each count. Prior to the analysis, however, the defense respectfully requests that, rather than considering the language selectively quoted in the indictment, the court view the two full social media posts at issue to provide better context. These posts were included as exhibits as part of the original preliminary hearing as exhibits. Similarly, each singular post that is the subject of Count One and Count Two are attached hereto as Exhibits 2 and Exhibits 3, respectively. The first post, which is the subject of the threats charge in Count One, states, in its entirety, as follows:

> Today, January 6, 2021, We Patriots by the millions, have arrived in Washington, D.C., carrying banners of support for the greatest President the world has ever known.
>
> Bit [sic] if We must…
>
> Many of Us will return on January 19, 2021, carrying Our weapons, in support of Our nation's resolve, towhich [sic] the world will never forget!!!
>
> We will come in numbers that no standing army or police agency can match. However, the police are NOT Our enemy, unless they choose to be!

All who will not stand with the American Patriots… or who cannot stand with Us.. then, that would be a good time for YOU to take a few vacation days.

The American Patriot

Similarly, the second post, which is the subject of the threats charge in Count One, states, in its entirety, as follows:

Today Eric Trump said that he would physically fight with the Patriots to save Our country. Today Representative Mo Brooks, asked the Patriots to pledge Our live[sic] and wealth to fight for Our country. And today President Trump told Us to "fight like hell." He said that Our cause was a matter of national security, and that these people behind the massive fraud must be arrested and brought to justice. And that task, falls on the shoulders of We The People…. the American Patriots.

So over the next 24 hours, I would say, lets [sic] get our personal affairs in order. Prepare Our weapons, and then go get'em. Lets [sic] hunt these cowards down like the Traitors that each of them are. This includes, RINOS, Dems, and Tech Execs. We now have the green light. [All] who resist Us, are enemies of Our Constitution, and must be treated as such.

Today, the cowards ran as We took the Capital. They have it back now, only because We left. It wasn't the building that We wanted… it was them!

With the social media posts that are the basis for the charges now put in context, defendant respectfully requests the court to consider each factor accordingly in that light.

1)      **The nature and circumstances of the offenses charged:** The alleged

threats made by Mr. Smocks were made via social media. The statements made

refer to time periods that, at this time, are now in the past: Count One refers to

January 19, 2021, and Count Two refers to actions to take "over the next 24

hours," referring to January 7, 2021; two time periods that have already passed, all

with no incidents having occurred on either of those dates. Without delving deep

into defenses in this case, it is also noticeable that there is no specificity of any

particular person in the threat. Accordingly, considering the call to action being

one that is in the past (and apparently, never acted upon by anyone) the nature and

circumstances of the charge weigh in favor of the defendant.

2)      **The weight of the evidence:**   As the accusations are based upon two

social media posts, the subject of the alleged illegal acts in this matter is pretty

much established. In addition, as indicated by the court's order, Mr. Stokes

admitted to creating the posts in question. Attachment A at 12. However, as the

court can see, the government is going to have to show that these posts contain

"any threat to kidnap any person or any threat to injure the person of another" as

required by 18 U.S.C. § 875(c). While not seeking to litigate the issues at hand, the

government is going to have to prove that the posts make no mention of a) an

actual threat to kidnap or injure another; b) a threat against a specific individual,

8

but rather a general statement; and c) the only reference to any potential violence is the word "fight," which, in the context of the full social media post, is only used as a call to "arrest" and having individuals "brought to justice." Furthermore, these threats will eventually have to be considered as to whether the statements not protected under the First Amendment in light of the Supreme Court case of Elonis v. United States, 575 U.S. 723 (2015). So, while the evidence that the statements were made appears to be clear, whether those statements are actual "true threats" are issues that make this factor to be decided by decided at a later date by the court or by a jury and should not be weighed against the defendant.

       3)    **The defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings**: If released, Mr. Smocks plans to return to Missouri to reside with his niece, LaToya Harris. Although he was originally living in Texas at the beginning of this case, due to the change in circumstances caused by his arrest and extended detention, he is planning to return to where he was raised and has family ties. Undersigned counsel has spoken to Mr. Smocks' niece, Ms. Harris, who indicates that Mr. Smocks can reside at her home and would not object to the installation of any equipment meant to keep Mr.

9

Smocks on a GPS tracking device. Furthermore, Mr. Smocks' mother and sister also live less than 20 miles from where Mr. Smocks would reside. Mr. Smocks does not use drugs and does not have any alcohol issues. While Mr. Smocks admittedly has several prior offenses, none are violent, and none involve failure to appear for any court matters. In addition, his most recent conviction occurred in 2005, over fifteen (15) years ago and his most recent court supervision appears to be a five (5) year supervised release that concluded successfully in January of 2019. Mr. Smocks' passport has already been confiscated as well.

4) **The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release**: As indicated earlier, the subject of the alleged threats involve dates that have already passed with no violence, either based upon Mr. Smocks threats or otherwise, having occurred. None of the alleged threats were directed at a particular person. Furthermore, Mr. Smocks is willing to be released with an order prohibiting him from posting on any social media, which will further prevent the danger of any similar statements in the future while the case is pending.

After the court considers these factors, Mr. Smocks submits that, as detailed above, there can be conditions set by this court that can assure the safety of the community and his return to court. Defendant Smocks therefore respectfully

10

requests to be released on his personal recognizance with whatever conditions the court deems fit.

WHEREFORE, for the reasons and arguments made above, Defendant Troy Anthony Smocks prays that the court modify his bond status and release him with whatever conditions the court sees fit.

Respectfully submitted,

TROY ANTHONY SMOCKS
By Counsel

_/s/ John L. Machado_
John L. Machado, Esq.
Bar No. 449961
Counsel for Troy Anthony Smocks
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

11

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 6th day of April, 2021, which will send a notification of such filing (NEF) to the following to all counsel of record.

    /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Troy Anthony Smocks
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com

12