IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TROY ANTHONY SMOCKS,<br><br>                Defendant. | CRIMINAL NO. 21-cr-00198 (TSC) |

**MEMORANDUM IN OPPOSITION TO MOTION FOR
RECONSIDERATION OF DETENTION ORDER**

      The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to Defendant Troy Anthony Smocks' Motion for Reconsideration of Detention Order (Dkt No. 20).

BACKGROUND

*Criminal Complaint*

      The defendant was charged by criminal complaint on January 14, 2021, with a violation of 18 U.S.C. § 875(c) (threats in interstate commerce) (Dkt No. 1). The affidavit in support of criminal complaint alleged that the defendant travelled from Texas to the Washington, D.C., area on January 5, 2021, the day before the January 6 rioting at the U.S. Capitol (Dkt No. 1-1 at 2). Using a social media account falsely purporting to identify him as a retired military officer ("ColonelTPerez (Ret)"; "@Colonel007"), the affidavit alleged that the defendant posted threatening messages on both January 6 and January 7 (*id*. at 3)[1]. The social media posts are

---

[1] Information obtained from the social media service indicates that the two posts at issue may have been both created on January 6, 2021, and the United States will continue to investigate the matter.

attached as Exhibit A.  The January 6 message threatened law enforcement officers, including the following language:

> Many of Us will return [to Washington] on January 19, 2021, carrying Our weapons, in support of Our nation's resolve, to which the world will never forget!!!  We will come in numbers that no standing army or policy agency can match.  However, the police are NOT our enemy, unless they choose to be!  All who will not stand with the American Patriots . . . or cannot stand with Us . . . then, that would be a good time for YOU to take a few vacation days.

(*Id*. at 3; Exhibit A at 1.)  The defendant's January 7, 2021, social media posting (the day after the deadly riot) threatened politicians and technology industry executives, including the following language:

> So over the next 24 hours, I would say, lets get our personal affairs in order.  Prepare Our weapons, and then go get 'em.  Lets hunt these cowards down like the Traitors that each of them are.  This includes RINOs, Dems, and Tech Execs.  We now have the green light.  [All] who resist Us are enemies of Our Constitution, and must be treated as such.  Today, the cowards ran as We took the Capital.  They have it back now, only because We left.  It wasn't the building that We wanted . . . it was them!

(Dkt No. 1-1 at 3; Exhibit A at 2.)

The affidavit alleged that the defendant's social media posts were viewed by other users tens of thousands of times (Dkt No. 1-1 at 3).

### ***Preliminary and Detention Hearing in the Eastern District of Texas***

The defendant was arrested in the Eastern District of Texas on the morning of January 15, 2021.  The government moved for pretrial detention at a Rule 5 initial appearance hearing later that day, and the Magistrate Judge scheduled a preliminary hearing and detention hearing for January 21, 2021 (Case No. 21-mj-00033, E. D. Tex., Dkt No. 2) (attached as Exhibit B).

A combined preliminary and detention hearing was held on January 21, 2021, lasting more than two hours with live witness testimony and the introduction of evidence by both parties (Case No. 21-mj-00033, E. D. Tex., Dkt No. 11) (attached as Exhibit C). A transcript of the hearing is attached as Exhibit D. At the outset of the hearing, the defendant agreed through counsel that he had requested to have both his preliminary and detention hearing in the Eastern District of Texas (Exhibit D at 4).

The government's witness, Federal Bureau of Investigation ("FBI") Special Agent Kendrick Chumak, testified that the FBI had received many tips from concerned citizens about threats of violence made by the defendant's social media account (Exhibit D at 7), particularly the postings discussed above (*id*. at 9-10). The FBI conducted an analysis of the social media account and gathered information sufficient to determine that the defendant was the user of the account (*id*. at 8). Agent Chumak described a social media post made by the defendant prior to the events of January 6, 2021, where the defendant (purporting to be a retired military officer), warned of civil unrest coming in late December, and urged people to prepare their weapons to help keep things safe (*id*. at 9).[2] Agent Chumak described the two social media posts from January 6 and 7, 2021,

---

[2] Information obtained from the social media service includes a number of concerning posts created by the defendant, including: "[I]t's time to physically bite them, while there is still enough of us to form a strong resistance" (November 4, 2021); "The time has come to ready ourselves for an offensive stance against the Democratic Antifa Army. . . . Only the brute force of the men and women of this national can defeat this enemy who has envaded ours country (our home)" (November 15, 2020); "Why Have A Second Amendment If You're Afraid To Exercise it??? . . . The United States Constitution is under seize. Put Your Guns Where Your Mouth Is. Lets Stop The Steal." (November 24, 2020); "There is roughly 800,000 federal agents, and less than 250 Traitor Democrat members in D.C. . . . There are over 70 million of Us. We can take them!!!" (November 28, 2020); "Its time for America to put its money where its mouth has been. Will it get bloody, yes. But freedom ain't free." (December 11, 2020); "Ok. So the U.S. Supreme Court has just told 174 million voters to fuck off!!! So, since the Constitution is no longer the rule of law, then there IS no law . . . until We take our country back . . . So I guess all of the talking is over. Its Patriot Time!" (December 11, 2020).

discussed above, and stated that the first post was viewed 60,000 or more times (*id*. at 9-10).  The agent also described a YouTube video posted by the defendant in 2020, where he appeared in a military-style uniform and urged other veterans to participate in armed protests (*id*. at 10).

Agent Chumak testified that the Department of Defense reported having "no record of a Troy Smocks ever serving in the United States military" (Exhibit D at 17), despite that the defendant represented himself on social media as a retired military officer, and despite that the defendant had identified himself on a recent lease application as a former lieutenant colonel in the U.S. Army (*id*. at 11).

Agent Chumak elaborated on the defendant's lengthy history of falsely impersonating other people and fraudulently representing himself as a current or former government official.  The leasing office for the defendant's apartment in Texas had provided to the FBI a fraudulent government pilot certificate and a fraudulent identification card falsely stating that the defendant was an employee of NetJets, a private jet company (Exhibit D at 11).  (The FBI learned from the Federal Aviation Administration that the agency had no record of the defendant ever holding any type of pilot rating (*id*. at 31)).  Agent Chumak testified that when the defendant's residence in Texas was searched on January 15, 2021, law enforcement found a bag full of fraudulent documents, including government and military identifications purporting to identify the defendant as an Army officer (*id*. at 12).  Law enforcement also found a printing/laminating machine in the defendant's residence (*id*.).  The agent provided detailed information that the defendant had previously falsely impersonated government officials in numerous different contexts: (1) a DEA agent during execution of a search warrant, (2) a Secret Service agent during an interaction with a

member of the public, (3) an FBI agent, (4) an Army Colonel, and (5) a Diplomatic Security Service agent (*id*. at 25-39).

Agent Chumak also described statements made by the defendant in a post-arrest interview on January 15, 2021. The defendant admitted that he had travelled to Washington, D.C., from January 5-7, 2021, and that he was the user of the social media account and made the postings at issue, though he denied intending to threaten anyone (Exhibit D at 14-17, 25-28). The defendant denied intending to represent himself as a retired military officer on his social media account, and said that he had gotten the nickname "Colonel" because he was good at softball (*id*. at 17). The defendant admitted that he had impersonated other people in the past, but that he had gone to counseling for it and didn't do it anymore (*id*. at 19). The defendant also admitted that he had made the fraudulent military identification card found in his residence, as well as the false government pilot certificate and the NetJets identification (*id*. at 20, 30). The defendant maintained that he had actually served in the military in the 1980s, and that the Department of Defense had somehow lost his records (*id*. at 18). The defendant stated to law enforcement that he travelled internationally frequently, and that he has family and friends living in foreign countries (*id*. at 21-23).

Agent Chumak was cross-examined by defense counsel twice, and he stated, among other things, that the defendant admitted he had never worked at NetJets and never held a real FAA pilot license (Exhibit D at 52-53). Agent Chumak also explained that the defendant admitted to having wired money to foreign countries (*id*. at 54). As to the residence search, the agent stated on cross-examination that the FBI also recovered two knives and a stun gun from the defendant's residence

(*id*. at 56).  The defendant introduced two exhibits during the cross-examination, both copies of the social media posts from January 6 and 7, 2021, discussed above (*id*. at 44).

At the conclusion of the hearing, the Magistrate Judge in the Eastern District of Texas found that there was probable cause that the defendant committed the offense with which he was charged, and ordered the defendant detained pending trial (Exhibit D at 94-96).  The Magistrate Judge found that the social media posts "urged violence," and that the defendant has a "long history of impersonating law enforcement and the military, creation and use of fraudulent and false IDs, and other documents" (*id*. at 95).  The Magistrate Judge also described that there were at least 10 prior instances where the defendant failed to comply with release conditions in prior criminal cases, and that there were multiple revocations of probation and supervised release (*id*.).  The Magistrate Judge issued findings of fact and conclusions of law on January 31, 2021, elaborating on the determinations that there were no release conditions that could reasonably assure public safety and the defendant's appearance as required (Case No. 21-mj-00033, E. D. Tex., Dkt No. 15) (attached as Exhibit E).

### *Relevant Other History*

The defendant has around 18 prior criminal convictions, for offenses including: production of fraudulent identification documents, bank fraud, forgery, stealing, multiple instances of falsely impersonating a federal agent, theft, offering a forged check, resisting an officer, larceny, auto theft, and unlawful use of a credit card (Exhibit E at 8-10).  The criminal convictions span from 1981 through 2005, a 24-year period of documented criminal activity, and the defendant was on supervised release as recently as 2019 (*id*.).  The defendant has a lengthy history of violating probation and supervised release conditions, with numerous revocations in his criminal history

(*id*.).  The Magistrate Judge in the Eastern District of Texas also noted a history of failures to appear for court hearings (*id*. at 10).

**ARGUMENT**

Pretrial detention is necessary to ensure the safety of people and the community, and the appearance of the defendant as required.  18 U.S.C. Section 3142(f).  As the Magistrate Judge determined, there is clear and convincing evidence that the defendant would pose a danger to the community if released, and that there are no release conditions or combination of conditions that would ensure the safety of the community.  It is clear by a preponderance of the evidence that the defendant would be a flight risk and would not appear at trial as required.  *See, e.g., United States v. Bikundi*, 47 F. Supp. 3d 131, 133 (D.D.C. 2014) (a motion for review of a Magistrate Judge's detention order requires that the district court "review *de novo* whether conditions of release exist that 'will reasonably assure the defendant's appearance in court or the safety of any other person or the community'"), *citing United States v. Hassanshahi*, 989 F. Supp. 2d 110, 113 (D.D.C. 2013).  "[T]o order a defendant preventatively detained [as a danger to any person or the community], a court must identify an articulable threat posed by the defendant to an individual or the community."  *United States v. Munchel*, 2021 WL 1149196, *7 (D.C. Cir. March 26, 2021) ("The threat need not be of physical violence, and may extend to 'non-physical harms'"), *citing United States v. King*, 849 F.2d 485, 487 n.2 (11th Cir. 1988).

The defendant committed serious crimes of violence ("threatened use of force against the person or property of another", 18 U.S.C. § 16(a)) as charged in the indictment.  The threatening posts were made publicly during a time of political unrest in our country.  It is clear from the posts and the broader context of the defendant's social media use (*see* footnote 2) that the defendant was

intending to rile up the public to use violence to achieve political goals. The defendant's ability to reach tens of thousands of others with his postings was likely due in no small part to his decision to falsely portray himself as a retired military officer. *See also* Exhibit E at 11-14. The potential for 5-year prison sentences for each charge will incentivize the defendant to flee and not appear in court as required.

The evidence of the defendant's guilt is overwhelming; he admitted to law enforcement that he was the sole user of the social media account, and that he personally wrote the posts at issue. The defendant's denial that he was intending to threaten anyone is easily belied by the language he used, the public nature of the postings, his false portrayal of himself as a retired military officer, and the broader context of his use of social media (*see* footnote 2).

The defendant's history and characteristics additionally makes clear the he would endanger the community and flee if released. The defendant's history is that of a career criminal, fraudster, and con artist. He has at least 18 prior criminal convictions over 24 years, including numerous convictions for falsely impersonating a federal officer, fraud, theft, and other financial crimes, and additionally has a long history of failing to abide by court orders leading to probation and supervised release revocations. His false impersonations of federal officers have led to tangible harms (*see* Exhibit E at 10-11). The defendant's future intentions were revealed when law enforcement located false identification documents and a laminating machine at his residence earlier this year, and learned that he recently falsely represented himself as a pilot and as a retired military officer (*id*. at 14-15). The defendant has no ties to Washington, D.C. to our knowledge, but has significant ties to family and friends located in foreign countries (*id*. at 15).

It is clear from all of this that defendant's release would endanger the community – he would continue his lengthy history of falsely impersonating government officials to criminal ends, and he would utilize communication tools at his disposal to encourage the public to engage in acts of violence. No release conditions could assure the safety of the community under these circumstances. The defendant's international connections, his sophisticated ability to create fraudulent identity documents, and his history of failing to abide by court orders further demonstrates that he would not appear as required to face these serious charges. There are no conditions of combinations of conditions that would assure public safety and the defendant's appearance as required.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:       /MJF/
Michael J. Friedman
N.Y. Bar 4297461
Assistant U.S. Attorney
United States Attorney's Office
555 Fourth St., NW
Washington, D.C. 20001
202-252-6765
Michael.Friedman@usdoj.gov