# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIM NO. 21-CR-198-TSC |
| TROY ANTHONY SMOCKS, ) | Judge: Chutkan |
| ) | |
| Defendant. ) | |

## REPLY TO MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

COMES NOW Troy Anthony Smocks, by and through counsel, and submits the following Reply in response to the government's Memorandum in Opposition to Motion to Dismiss (Dkt. No. 21). As reasons therefor, defendant states as follows:

The defense believes that a timeline of relevant dates would be most useful for the parties and this Honorable Court to discuss the days and events that are being considered:

**January 14, 2021** - Complaint against Mr. Smocks filed

**January 15, 2021** - Mr. Smocks is arrested. Government moves for pretrial detention, which is granted.

**January 20, 2021** – Motion for Substitution of counsel filed; order granting motion is issued the same day.

1

**January 21, 2021** - Preliminary Hearing/bond hearing; probable cause found by Magistrate; Mr. Smocks ordered detained pending trial; Magistrate also issues an order for the U.S. Marshals to transfer Mr. Smocks.

**January 25, 2021** - Justice Prisoner and Alien Transportation System ("JPATS") receives a movement request for Mr. Smocks; transport is scheduled.

**January 26, 2021** - Mr. Smocks is scheduled for transport to Chickasha, Oklahoma on January 29, 2021.

**January 29, 2021** - Mr. Smocks is transported to Chickasha, Oklahoma.

**February 8, 2021** - Mr. Smocks is scheduled to be transported; he is not transported due to "administrative error."

**February 17, 2021** - Mr. Smocks was "available for transportation" to Harrisburg, Pennsylvania (followed by transported via motor vehicle to Washington, D.C.; flight is cancelled due to weather conditions

**March 8, 2021** - Mr. Smocks is scheduled for a JPATS flight to Lewisberg, West Virginia; he is cancelled from the flight due to an alleged "medical condition" discovered on March 7, 2021.

**March 25, 2021** – Mr. Smocks is flown to Harrisburg Pennsylvania and arrives "on or around" this date.

In preparing this reply, undersigned counsel has determined that legal precedent in this jurisdiction has determined that dates in which motions are filed and resolved are excluded. United States v. Fonseca, 435 F.3d 369, 372 (D.C. Cir. 2006). Accordingly, the first date of January 15, 2021, should be excluded under 18 U.S.C. § 3161(h)(1)(D), as the government moved for his detention at that time, and that motion was granted by the court on the same day. In addition, January 20,

2

2021, the day that Mr. Smocks' Motion for Substitution of Counsel was filed and granted, can technically be properly excluded as well under 18 U.S.C. § 3161(h)(1)(D).

As to the other dates on and including from January 15, 2021 (Mr. Smock's arrest and first appearance before a magistrate) and January 21, 2021, defendant would submit that those dates should be counted. The government made a motion for Mr. Smock's detention on January 15, 2021. That motion for detention was granted. Accordingly, Mr. smocks would assert that there was no "pending motion" at that time (excepting January 20, 2021, as discussed above); it was only the scheduling of the preliminary hearing. Perhaps an argument can be made that Mr. Smocks renewed a motion for release on January 21, 2021 which was again requested and denied. If so, then only that date would be properly excluded under 18 U.S.C. § 3161(h)(1)(D). Accordingly, even discounting all the "excludable" days between the arrest and preliminary/bond hearing, four (4) days (January 16, 2021 through January 19, 2021) should be counted towards the Speedy Trial calculation.

As to the remaining events, the court should not discount any of that time in determining the number of days passed from arrest to indictment. The statute does not provide for excusable circumstances or acts of God in order to slow the speedy trial clock. While the government may argue that there were circumstances out of their control, the court should not exclude the relevant times for several reasons. First, the statute simply does not allow for the listed reasons for exclusion. Second, the government has not presented any evidence to support their assertions. This is particularly true with the issue of claiming that Mr. Smocks had a medical condition. Mr. Smocks denies that he was not healthy or unwell on March 7-8, 2021. Regardless, the statute does not provide for such an exception. Furthermore, there is no indication in the record that whatever medical condition Mr. Smocks had made him physically unable to be transported. JPATS could have made whatever adjustments were necessary to transport Mr. Smocks. The fact that the transportation may have been made more inconvenient due to Mr. Smocks' medical condition does not provide the government an excuse to violate Mr. Smocks rights under the Speedy Trial Act. Regardless, there would hypothetically come a time when Mr. Smocks would have been medically "cleared" for transport. If the court should allow for some exclusion, which we certainly dispute, it should be limited to a certain amount of time, as Mr. Smocks' alleged illness does not

create a limitless *carte blanche* to wait to transport Mr. Smocks.

Furthermore, the government should be put to their burden to prove their multiple excuses they proffer for not transporting Mr. Smocks in the appropriate time. They should be required to present evidence to prove their numerous reasons for their delay, and not just make simple assertions in their pleadings. This includes proof of 1) the February 18, 2021 "administrative error"; 2) the reason for the cancelled flight of February 17, 2021; and 3) if considered by the court, Mr. Smocks "medical condition" which **prevented** Mr. Smocks from being transferred on that day. Again, the defense would reiterate that the statute does not allow for such exceptions.

Finally, the government has spent its entire arguments seeking to justify its delay by excluding the time between arrest and indictment under the Speedy Trial Act. At no time has the government provided any explanation for its delay in actually obtaining the indictment. The government cannot use any excuse based upon the pandemic, as, upon information and belief, grand juries have been sitting since last year. There was no impediment upon obtaining an indictment based on Mr. Smocks' transport woes; Mr. Smocks did not have to be present for him to be indicted. Had the government instead followed the Speedy Trial Act, it would have sought and obtained Mr. Smocks' indictment in the time required regardless of Mr.

5

Smocks' issues regarding travel, and there would have been no Speedy Trial issue. Instead, the government chose to wait, and put themselves and Mr. Smocks in this situation. They should be punished for their unexplainable delay, and the court should dismiss this case. Further, for reasons already argued in the original motion, this dismissal should be with prejudice.

    WHEREFORE, for the reasons and arguments made above and in its original Motion, Defendant Troy Anthony Smocks prays that the court dismiss the matter with prejudice.

Respectfully submitted,

TROY ANTHONY SMOCKS
By Counsel

   /s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Troy Anthony Smocks
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 13th day of April, 2021, which will send a notification of such filing (NEF) to the following to all counsel of record.

   /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Troy Anthony Smocks
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com