IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIM NO. 21-CR-198-TSC |
| TROY ANTHONY SMOCKS, ) | Judge: Chutkan |
| ) | |
| Defendant. ) | |

**MOTION FOR LEAVE TO FILE DOCUMENT AND REOPEN HEARING
ON THE MOTION TO DISMISS
FOR VIOLATION OF THE SPEEDY TRIAL ACT**

COMES NOW Troy Anthony Smocks, by and through counsel, and moves to file the following exhibits in support of his pending motion to dismiss for violation of the Speedy Trial Act. Mr. Smocks would further request the reopening of the hearing in this matter to provide an opportunity for presentation of actual evidence rather than the hearsay allegations made by the government. As reasons therefor, Mr. Smocks states as follows:

1. On March 29, 2021, Mr. Smocks, through counsel, filed its Motion to Dismiss for Violation of the Speedy Trial Act Violations (hereinafter "Motion to Dismiss").[1]

---

[1] An Amended Motion to Dismiss was filed without objection on April 4, 2021. This amended motion made some minor corrections to, but no substantive changes to the argument of, the original Motion to Dismiss.

1

2. On April 12, 2021, the government filed its Opposition to the Motion to Dismiss.

3. On April 13, 2021, the defense filed a Reply to the government's Opposition. As part of the Reply, the defense insisted that the government should provide proof of its allegations for reasons for Mr. Smocks delays in transport, rather than relying on hearsay representations or proffers by the government or its witnesses. This included the government's assertion regarding the weather cancellation of the February 17, 2021, flight, as well as the medical condition that caused Mr. Smocks to be excluded from the March 8, 2021, flight.

4. On May 14, 2021, this Honorable Court held a hearing on the Motion to Dismiss. Arguments were made by both parties. No witness testimony or additional evidence was provided at that time by either party, including no further support of the reasons for the delay in transporting Mr. Smocks. The court took the arguments by the parties under advisement and indicated it would be issuing a ruling from chambers. A ruling has yet to be issued on the Motion to Dismiss.

5. As part of defendant's argument, Mr. Smocks asserted, and now reasserts, that the medical diagnosis that caused him from not being able to leave on March 8, 2021, was used as an excuse to limit the number of inmates to be transported. Mr. Smocks asserts that he was in good health on March 8, 2021, and

that it was common knowledge at the Grady County Jail that incorrect medical diagnoses were provided to justify exclusion of prisoners on flights when there were too many inmates to transport. Despite Mr. Smocks; insistence, the government has not provided no actual proof (under seal or otherwise) that Mr. Smocks did actually have a medical diagnosis that would exclude him from travel.

6.      After the hearing, Mr. Smocks was able to obtain statements from other inmates which additionally put the government's hearsay assertions into question. These statements are included as attachments hereto and incorporated herein. They are all inmates who were at Grady County at the time Mr. Smocks was there, and who are also currently housed in the DC Department of Corrections (DOC). First, there is the statement of Peter Stager (Exhibit 1), who indicates that when he was transported from Grady County Jail to the airfield, the bus was loaded to capacity, which would support Mr. Smock's argument that he was provided with a false diagnosis of an illness so that he would be excluded from the flight. Second, there is the statement of William Chrestman (Exhibit 2). Besides indicating the substandard conditions at Grady County Jail, Mr. Chrestman also indicates that the bus ride to the airfield had all the inmates "packed like sardines" which would further support a claim of a false diagnosis for the purposes of excluding Mr. Smocks from the flight. Third is the statement of Kyle Fitzsimmons (Exhibit 3),

also in DOC, who further confirms the full capacity of the Grady County bus. This would similarly support Mr. Smocks' assertions.

7. In addition to the statements, the defendant wishes to further supplement the record with additional publicly available information. Specifically, the defense would like to include the information obtained from the Will Rogers World Airport (WRWA) website regarding cancellation of flights during relevant time periods. Specifically, defendant directs the court's attention to the WRWA Winter Storm Updates – 2021Valentine's/President's Day, attached hereto as Exhibit 4, and WRWA Winter Storm Updates February 16-17, 2021, attached hereto as Exhibit 5. Each cover the information regarding flight information and cancellations for days the government seeks to exclude in the Speedy Trial Act calculation. As the court knows, the government seeks to exclude an extended amount of time, from February 12-20, 2021, due to the statewide emergency that was affecting flights in and out of the airport. However, as shown in Exhibits 4 & 5, the government's claims of the complications caused by the snow are greatly exaggerated. As the court can see from the supported documentation the following outbound flights appear to have been cancelled, day by day:

February 12, 2021: No flights cancelled (see Exhibit 4 at 4-5)

February 13, 2021: Some flights cancelled (see Exhibit 4 at 3)

February 14, 2021: "A majority of flights cancelled" (see Exhibit 4 at 2-3)

February 15, 2021: "Airlines were able to recover a bit on [February 15, 2021]" (see Exhibit 4 at 1)

February 16, 2021: [C]ancellations are disrupting air travel…[February 16, 2021] evening and [February 17,2021] morning" (see Exhibit 5 at 2)

February 17, 2021: "[A]nother round of cancellations will slow air travel…Airlines plan to bring in aircraft to resume flights and recover some of their operations starting late morning and mid-day" (see Exhibit 5 at 1-2)

February 18: "Four carriers at WRWA were able to get early flights out this morning before 9am, a good step toward helping them recover from the successive snow storms[.]" (See Exhibit 5 at 1)

Of significant note, furthermore, is the lack of any updates for two dates the government wishes to claim, namely February 19 and 20, 2020. In fact, there is no other update of any kind on the web page until May of 2021. The web page and the referenced updates provided as Exhibits 4 and 5 can be accessed at WRWA's website at https://flyokc.com/news-press.

8.   For the reasons stated above, the defense reiterates the fact that the government should not be permitted to exclude all the dates they have requested. The defense submits that should the court to exclude some time, it should be limited to the one date of February 17, 2021, the date of the scheduled flight (if it

5

indeed was actually had to be cancelled due to weather), as there were flights resumed the day of and even the next day. Further, there was no indication of delay for any day after February 19, 2021 onward, which should exclude February 19 and 20 from the government's exclusion arguments.[2] Because of these apparent overstatements of what time should be excluded, and the uncertainty as to whether the flight was indeed cancelled, given the fact that there were flights that went out later on that same day, the government should be required to provide affirmative proof of cancellation rather than sole hearsay.[3]  Regardless of what dates may or may not be excluded, the defense reiterates that government should be required to provide definitive proof that the February 17, 2021 flight was indeed cancelled, rather than simply delayed.

9. If the court intends to rely on the government's hearsay assertions as to the flight delay and alleged medical diagnosis which excluded him from a flight to make its findings, then Mr. Smocks respectfully asks for the court to reopen its hearing in order to obtain actual evidence of the hearsay allegations. Specifically, Mr. Smocks would ask for the opportunity to subpoena the records of Grady

---

[2] The defense would also argue that there is no indication that any affirmative steps were taken to avoid the problems that may have been caused by the weather, which would provide further reason the court should not exclude any time from February 12 to February 16, 2021.
[3] As it is the understanding that this information is of a sensitive nature, the defense does not have a way to access that information. Accordingly, the government should be required to provide it to the court. The defense has no objection to including that information under seal if necessary,

6

County to have actual confirmation of Mr. Smocks' alleged medical diagnosis, which he denies. Indeed, if it turns out that Mr. Smocks did not have the diagnosis that is alleged, then there clearly would be more than sufficient days to support a dismissal under the Speedy Trial Act.[4] In addition, Mr. Smocks has currently requested, and is still awaiting, medical results from the DC DOC which would show that Mr. Smocks did not have the medical diagnosis alleged by the government, further proving he did not have the diagnosis to begin with.

    WHEREFORE, for the reasons and arguments made above, Defendant Troy Anthony Smocks prays that the grant leave to file the attached Exhibits as evidence and, if needed, reopen the hearing for the purposes of including additional evidence.

---

4  To the defense's understanding, the government has not made an effort to confirm the defense's assertions that there was no excluding medical diagnosis. While understanding that it appears that the US Attorney's Office is potentially relying on hearsay (and probably double hearsay) for this assertion, it could be argued that depending on how the information was provided, it might have been Brady. *See, e.g., Biles v. United States*, 101 A.3d 1012, 1020 (D.C. 2014)(suggesting "a broad formulation of the government's *Brady* obligation that would reach the kind of evidence 'that would suggest to any prosecutor that the defense would want to know about it'")

7

Respectfully submitted,

TROY ANTHONY SMOCKS
By Counsel

   /s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Troy Anthony Smocks
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 7th day of May, 2021, which will send a notification of such filing (NEF) to the following to all counsel of record.

   /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Troy Anthony Smocks
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com