UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 21-cr-00198 (TSC) |
| **TROY ANTHONY SMOCKS**, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Troy Anthony Smocks has moved for dismissal of the indictment against him on the grounds that the Government violated the Speedy Trial Act by failing to indict him within thirty days of his arrest.

Smocks is charged with two counts of threats in interstate communications in violation of 18 U.S.C. § 875(c), specifically: a social media threat to kidnap and injure law enforcement officers and a subsequent social media threat to kidnap and injure politicians and executives in the technology industry.  ECF No. 1, Compl.  He was arrested on January 15, 2021 in the Eastern District of Texas.  On January 21, 2021, he appeared in that District before United States Magistrate Judge Christine Nowak for a detention and preliminary hearing—which lasted several hours and included live witness testimony—following which Judge Nowak issued a detention order.  *See* ECF No. 7, Maj. Ct. Docs.  While in custody, Smocks was transported by the Justice Prisoner and Alien Transportation System ("JPATS") to the District of Columbia, where he arrived on March 25, 2021.  He was indicted on March 9, 2021.

## I. BACKGROUND

Approximately fifty-three days elapsed between Smocks' arrest and his indictment, during which time the Government attests that his transport by JPATS from Texas to the District of Columbia was impeded by several obstacles.

Shortly after Smocks was arrested on January 15, the Government moved for pretrial detention. Magistrate Judge Nowak scheduled a detention hearing for January 21, 2021. Following the hearing, Judge Nowak issued an order finding probable cause to believe that Smocks committed the offense charged and ordered that he be detained pending trial. She also ordered the United States Marshals Service to transport Smocks from the Eastern District of Texas to the District of Columbia, where he had been charged. JPATS reportedly received this order on January 25, 2021, and on January 26 Smocks was scheduled for a January 29, 2021 transport to Grady County Jail in Chickasha, Oklahoma. *See* ECF No. 27, Wykert Decl. at 1. Smocks was initially transported from Fannin County Jail in Texas to the Grady County Jail in Chickasha, Oklahoma, because it is near to JPATS's aircraft operations hub.[1] *Id.*

Upon his arrival at the Grady County Jail, Smocks was scheduled for a February 8, 2021 flight to Lewisburg, West Virginia. Due to an "administrative error," however, he was not transported that day. *Id.* at 2. He was then rescheduled for a February 17, 2021 flight to Harrisburg, Pennsylvania. *Id.* On February 12, 2021, however, Oklahoma entered a statewide winter weather State of Emergency as the result of a major snow and ice storm, which blanketed Texas and Oklahoma and caused significant damage, including rolling blackouts and water outages across both states, as well as record low temperatures. *Id.* This extreme weather caused

---

[1] JPATS also has a hub of aircraft operations located in Las Vegas, Nevada, which serves the western United States. *See* Gov't Opp. at 7.

the cancellation of numerous JPATS flights, including the February 17 flight for which Smocks was scheduled.  *Id.*  The delay was reportedly exacerbated by the restrictive movement protocols in place due to the COVID-19 pandemic, which require pre-departure medical testing for all passengers and implementation of strict social distancing and capacity limits, often resulting in delays of 2-3 weeks.  *Id.* at 2–3.

Smocks was next scheduled for a March 8, 2021, flight to Lewisburg, West Virginia.  *Id.* at 3.   Wykert Decl. at 3.  Smocks was then scheduled for a March 25, 2021 flight from Oklahoma to Harrisburg, Pennsylvania, ▆▆▆▆▆▆▆▆▆▆▆▆.  *Id.*  The Marshals Service was notified of his arrival in the District of Columbia on March 26, 2021.

The Government filed a two-count Indictment on March 9, 2021 and Smocks was arraigned on April 2, 2021.

## II.   LEGAL STANDARD

The Speedy Trial Act, codified at 18 U.S.C. § 3161 *et seq.*, states that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  18 U.S.C. § 3161(b).  If no indictment is filed within this time, the charge contained in the complaint "shall be dismissed or otherwise dropped."  18 U.S.C. § 3161(a)(1).

Under the Act, certain periods of delay "shall be excluded in computing the time within which an . . . indictment must be filed . . . ."  18 U.S.C. § 3161(h).  Among these are periods of delay attributable to "other proceedings," which have been described as "automatically

excludable [because] they may be excluded without district court findings." *Bloate v. United States*, 559 U.S. 196, 203 (2010).  These "automatically excludable" periods include:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
>
> . . .
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; [and]
>
> (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure.

18 U.S.C. § 3161(h)(1).  In addition, "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization" shall be excluded, "except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]"  § 3161(h)(1)(F).  The D.C. Circuit has held that the list of proceedings provided by the rule are "merely illustrative, and not intended to be exhaustive." *United States v. Garrett*, 720 F.2d 705, 709–10 (D.C. Cir. 1983).

If a circumstance or occurrence constituting an "other proceeding" exists, that proceeding need not actually have caused—or even have been expected to cause—a delay in order for the time period affected by that proceeding to be excludable under the Speedy Trial Act.  *See United States v. Tinklenberg*, 563 U.S. 647, 660 (2011) ("We disagree . . . that the Act's exclusion requires a court to find that the event the exclusion specifically describes, here the filing of the pretrial motion, actually caused or was expected to cause delay of a trial. We hold that the Act contains no such requirement.").

4

### III.   DISCUSSION

Smocks contends that the time between his arrest and indictment exceeded the thirty days permitted under the Speedy Trial Act.  Def. Amend. MTD at 5–6.  Smocks was arrested on January 15, 2021, and was indicted on March 9, 2021, fifty-three days later.[2]  He asserts that the only excludable portion of this time is the period covering his transportation from another district, pursuant to 18 U.S.C. § 3161(h)(1)(F), and that this provision permits an exclusion of only ten days.  Def. Amend. MTD at 4–5.  The exclusion of these ten days, Smocks argues, would still leave a delay of forty-four days—fourteen days more than the Speedy Trial Act permits.  *Id.* at 5.

The Government counters both that there are other applicable exclusions under the Speedy Trial Act and that, although the statute imposes a *presumption* that "any time consumed in excess of ten days from the date an order of removal directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," 18 U.S.C. § 3161(h)(1)(F), the Government has presented sufficient evidence to rebut that presumption and to demonstrate that additional transportation delays beyond the automatically excludable ten-day period were reasonable under the circumstances.  Gov't Opp. at 12–13.

The court will consider each of the purportedly excludable periods in turn.  First, both sides agree, as does the court, that ten days of delay resulting from the transportation of Smocks from the Eastern District of Texas to Washington, D.C., are automatically excludable under the

---

[2]  Although the Motion to Dismiss contends that fifty-four days elapsed, this calculation includes both the day of Smocks' arrest and the day that the Indictment was filed.  The day of the event that triggers the Speedy Trial Act, in this case Smocks' arrest, is not included in the calculation; the clock begins to run the following day.  *United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir. 1996); *accord United States v. Sparks*, 885 F. Supp. 2d 92, 100 (D.D.C. 2012); *United States v. Phinizy*, No. 18-cr-0323 (ABJ), 2019 WL 2570038, *3 (D.D.C. June 21, 2019).

5

Speedy Trial Act. Def. Amend. MTD at 4–5; Gov't Opp. at 12; *see also* 18 U.S.C. § 3161(h)(1)(F).

Second, the Government notes that the Speedy Trial Act "excludes the time resulting from 'any pretrial motion,'" and that such a motion was pending from January 15 through January 21, 2021. Gov't Opp. at 11–12 (quoting *United States v. Hemphill*, 514 F.3d 1350, 1357 (D.C. Cir. 2008)). Smocks argues in his reply that only January 15, 2021, should be excluded, as the motion "was granted by the court on the same day," ECF No. 26, Def. Reply at 3. The court disagrees. Although Smocks was temporarily remanded to the Marshals' custody following his initial appearance on January 15, a hearing on the motion for pretrial detention was ordered for January 21, and the motion remained pending until that time. *See* Docket, *United States v. Smocks*, No. 4:21-mj-033 (E.D. Tx. filed January 14, 2021). The D.C. Circuit has repeatedly held that *any* pending motion tolls the Speedy Trial clock. *See, e.g.*, *United States v. Hemphill*, 514 F.3d 1350, 1357 (D.C. Cir. 2008); *United States v. Wilson*, 835 F.2d 1440, 1443 (D.C.Cir.1987); *see also Bloate v. United States*, 559 U.S. 196, 206 (2010) (abrogating *Wilson*, 835 F.2d 1440, but affirming that the Speedy Trial Act renders any time from the filing of a pretrial motion through the disposition of said motion automatically excludable). The court thus agrees that this period of seven days must be excluded under the Act.

Even excluding these two periods, however, thirty-seven days remain between Smocks' arrest and his indictment. The court is therefore required to decide whether the Government's explanation for the additional delay in Smocks' transportation shows that the delay was reasonable. Smocks argues that the court should not exclude any additional time because the "statute simply does not provide for excusable circumstances or acts of God in order to slow the speedy trial clock." Def. Reply at 4. This assertion is unsupported, and such a reading is not

6

reflective of the statute's text, which does not set a limit of ten days of excludable time for transport, but instead states that any delay in excess of ten days "shall be *presumed* to be unreasonable."  18 U.S.C. § 3161(h)(1)(F) (emphasis added); *see also United States v. Noone*, 913 F.2d 20, 26 (1st Cir. 1990) (finding that the government had failed to rebut the presumption where it had offered "no explanation of the transportation delay"); *United States v. Phinizy*, No. 18-cr-0323 (ABJ), 2019 WL 2570038, *5 (D.D.C. June 21, 2019) (noting that "the government may rebut this presumption by offering an explanation for the delay"); *United States v. Sparks*, 885 F. Supp. 2d 92, 101 (D.D.C. 2012) (finding that the government had offered no explanation of the transportation delay and had therefore failed to rebut the presumption).

The Government submitted testimony that the winter storm beginning in mid-February 2021 "caused the cancellation of numerous JPATS flights," including the February 17 flight to Pennsylvania on which Smocks was scheduled to travel, Wykert Decl. at 5, and it contends that the period from February 12 through February 20 is therefore appropriately excluded.  Gov't Opp. at 13.  Oklahoma's Governor declared a State of Emergency beginning on February 12, 2021 in response to the storm.  *See* Wykert Decl. at 5; *Press Release: Governor Stitt Declares State of Emergency as Winter Storm Approaches*, OKLAHOMA GOVERNOR (February 12, 2021), https://www.governor.ok.gov/articles/press_releases/governor-stitt-declares-state-of-emergency-as-wint.  The storm and associated damage were ongoing through February 20, 2021.  *See* Wykert Decl. at 5 (describing the conditions created by the winter storm and timeline of events and noting that the storm conditions are "indicated by open source information"); *Press Release: Governor Stitt Requests Additional Federal Winter Storm Aid for Oklahomans*, OKLAHOMA GOVERNOR (February 23, 2021), https://www.governor.ok.gov/articles/press_releases/governor-stitt-requests-additional-federal-winter- (seeking "additional federal aid for all 77 Oklahoma

counties related to this month's historic winter storm . . . from Feb. 8–20"). The court therefore agrees with the Government that a nine-day delay in transporting Smocks due to the extreme winter weather in mid-February was reasonable. *See Phinizy*, 2019 WL 2570038, at *5 (finding that "a flight delay due to weather conditions was reasonable"); *see also United States v. King*, No. 18-cr-70, 2019 WL 3131118, *3 (W.D. Mich. July 15, 2019) ("The Government showed that weather affected transport from January 28 to February 2, 2019, so the Court will exclude six days for weather-related delays.").

The Government further urges that a period of delay due to Smocks' medical condition was reasonable and should be excluded from Speedy Trial Act calculations. Gov't Opp. at 13. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[3] The court considers only whether March 7 through March 9, 2021 should be excluded, ████ ████████████████████████████████████ because an indictment was filed in this case on March 9, terminating the relevant period under the Speedy Trial Act.

8

███████████████████████████████████████

███████████████████████████████

Thus, pursuant to section 3161(h)(1)(F), out of the fifty-three days that elapsed between Smocks' arrest and his indictment, the court will exclude from the Speedy Trial calculation seven days of delay resulting from pending pretrial motions, and ten days of permissible delay resulting from Smocks' transportation to Washington, D.C.  Of the days in excess of the ten automatically excludable days, the court finds that the Government has rebutted the presumption with respect to nine days for the winter storm delay and three days for the medical delay. Therefore, without considering the Government's arguments regarding delays due either to COVID-19-related logistical challenges or to ████████████████████████████████ ███████████████████████████████████████████, twenty-nine of the fifty-three days are excluded.  That leaves twenty-four days, and the court therefore finds that the Speedy Trial Act's thirty-day statutory limit has not been violated.

## IV.     CONCLUSION

For the foregoing reasons, the court will DENY Smocks' Motion to Dismiss, ECF No. 19, without prejudice.  A corresponding order is forthcoming.

Date:  May 7, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge