UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) ) | |
| v. | ) ) | Criminal No. 21-cr-00198 (TSC) |
| **TROY ANTHONY SMOCKS**, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the court is Defendant Troy Anthony Smocks' Motion for Reconsideration of the court's decision on his Motion for Leave to File Document and Reopen Hearing on the Motion to Dismiss for Violation of the Speedy Trial Act, ECF No. 30, which the court construed as a motion for reconsideration of its decision on Smocks' Amended Motion to Dismiss for Violation of the Speedy Trial Act, ECF No. 19.  For the reasons stated below, the court DENIES Smocks' most recent Motion for Reconsideration.

The Federal Rules of Criminal Procedure "do not provide for motions to reconsider interlocutory orders in criminal cases." *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013).  Although some courts have entertained such motions, *see, e.g., United States v. McCallum*, 885 F. Supp. 2d 105, 115 (D.D.C.2012), they have only done so pursuant to the "as justice requires" standard used in civil cases under Federal Rule of Civil Procedure 54(b).  *See Hemingway*, 930 F. Supp. 2d at 12 (citing *United States v. Sunia*, 643 F. Supp. 2d 51, 60–61 (D.D.C.2009)).  Pursuant to this standard, reconsideration is appropriate when a court "'patently misunderstood the parties, made a decision beyond the adversarial issues presented, [or] made an

error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred.'" *Arias v. DynCorp*, 856 F. Supp. 2d 46, 52 (D.D.C.2012) (quoting *Negley v. FBI*, 825 F. Supp. 2d 58, 60 (D.D.C.2011)). A court "may deny a motion for reconsideration where it raises arguments for reconsideration the court ha[s] . . . already rejected on the merits." *Id.* (citing *McLaughlin v. Holder*, 864 F. Supp. 2d 134, 141 (D.D.C. 2012)). The burden is on the moving party to show that harm or injustice would result if reconsideration were denied. *Husayn v. Gates*, 588 F. Supp. 2d 7, 10 (D.D.C.2008).

Here, the court has already considered and dismissed—on two separate occasions—Smocks' arguments regarding the applicability of the provisions of 18 U.S.C. § 3161(h), the appropriate calculation of time under the Speedy Trial Act, and Smocks' COVID-19 diagnosis. The additional factual and legal authority Smocks proffers in his most recent motion does not allege that the court misunderstood the parties' arguments or considered an issue not presented by the parties, or that there was an intervening change in controlling law.[1] At best, Smocks attempts yet again to argue the merits of his motion to dismiss by providing novel legal arguments that should appropriately have been raised in either of his two prior motions or at the hearing on April 14, 2021.

Smocks has not carried his burden of demonstrating that reconsideration is necessary to avoid harm or injustice or is otherwise warranted. Accordingly, his Motion for Reconsideration of the Motion for Leave to File Document and Reopen Hearing on the Motion to Dismiss for Violation of the Speedy Trial Act, ECF No. 30, is hereby DENIED.

---

[1] Smocks does not address the standard for reconsideration until his Reply, in which he affirms the "ends of justice" standard but fails to articulate any allegations that suggest that this standard has been met in this instance. *See* ECF No. 49, at 1–2.

Date:  August 17, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge