## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIM NO. 21-CR-198-TSC |
| TROY ANTHONY SMOCKS, | ) Judge: Chutkan |
| | ) |
| Defendant. | ) |

## MOTION TO CORRECT SENTENCE

COMES NOW Troy Anthony Smocks, by and through counsel, and moves, under Rule 35(a) of the Federal Rules of Criminal Procedure, to correct Mr. Smocks' sentence. As reasons therefor, defendant states as follows:

1.      On January 15, 2021, Mr. Smocks was arrested in this matter. He has remained detained since that date.

2.      On September 29, 2021, defendant Troy Smocks pled guilty to one count of Threats in Interstate Communication, in violation of 18 U.S.C. § 875(c). Mr. Smocks pled guilty pursuant to a plea agreement signed by the parties. Within the plea agreement, the parties agreed that the estimated offense level was ten which was based upon a base level offense 12 minus two points for acceptance of responsibility pursuant to USSG § 3E1.1(b). As to the Criminal History level, the parties agreed that the Criminal History score could be either Criminal History

1

score of II or III. Accordingly, with the possible Criminal History Score of II or III

the level of ten, the Sentencing Guidelines range was either 8 to 14 months or 10 to

16 months, respectively.

3.      On October 4, 2021, the final Presentence Report (PSR) was finalized

(Dkt. No 58). In the final PSR, the PSR report writer determined that pursuant to

USSG § 2A6.1(b)(4) there should be +4 adjustment to the offense level. Both the

government and the defense argued in their respective memoranda in aid of

sentencing that the additional +4 adjustment should not apply. (Dkt. No. 59, Dkt.

No. 60).

4.      On October 21, 2021. Mr. Smocks had his sentencing hearing. At the

hearing, this Honorable Court determined the appropriate Criminal History level to

be II. The court also decided not to provide the +4 adjustment to the offense level,

thus finding that the final offense level was ten. Accordingly, the final sentencing

range determined by the court was Criminal History II and Offense Level 10, thus

leading to  a range of 8 to 14 months. Mr. Smocks was eventually sentenced to 14

months of jail.

5.      Mr. Smocks respectfully suggests that the court incorrectly sentenced

him once it determined that the USSG § 2A6.1(b)(4) +4 adjustment was not

applicable. Specifically, the court failed to apply USSG § 2A6.1(b)(6) after making

its findings. Section (b)(6) indicates the following:

> (6) If (A) subsection (a)(2) and subdivisions (1), (2), (3), (4), and (5) do not apply, and (B) the offense involved a single instance evidencing little or no deliberation, decrease by 4 levels.

6.      Accordingly, once the court made its finding that USSG § 2A6.1(b)(4) did not apply, the court was required under the Sentencing Guidelines to decrease the sentencing level by four, or at least consider it and make its finding on the record. Accordingly, the final sentencing range should have been Criminal History II and Offense Level 6, thus leading to a range of 1 to 7 months.[1]

7.      In the present case, Mr. Smocks should be provided the decrease under USSG § 2A6.1(b)(6). None of the other subdivisions in that section apply, particularly after the court reviewed and determined that USSG § 2A6.1(b)(4) did not apply. In addition, Mr. Smocks' plea was based upon agreeing and pleading to one count and one individual threat in that count. In addition, there is no indication that there was any deliberation on the part of Mr. Smocks in making the threats. There is no indication nor suggestion that Mr. Smocks discussed his threats with others before sending them out, nor does it appear that Mr. Smocks spent any

---

1 The argument was not made by the defense at the time of sentence because the defense was not permitted to argue offense levels as part of the plea agreement. See Dkt. No. 54 at 4 ("Except as provided for in the "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above in subsection A.") This argument is based upon the court making an error in application of the Sentencing Guidelines by failing to follow USSG § 2A6.1(b)(6) after making its findings on what guidelines are applicable to Mr. Smocks' sentence.

extended period of time or effort in making his threat. *See, e.g.,* United States v. Wright-Darrisaw, 781 F.3d 35, 41 (2nd Cir. 2015)("Thus, we hold here that the 'deliberation' to be considered under § 2A6.1(b)(6) of the Sentencing Guidelines is deliberation related to the deliberation of the threat itself"). Accordingly, the court should have lowered the offense level to six, and therefore sentence Mr. Smocks between 1 to 7 months, any sentence of which would have considerably been less than time Mr. Smocks has already served.

8.      The court can also take further guidance by looking at the Departure provisions. In order for a departure to be applicable, for disqualification, it requires "more than two" threats. Even if the court looks at the charges in the indictment itself, Mr. Smocks was charged with only two counts, thus not being "more than two" threats required.

9.      Although the D.C. Circuit does not appear to have cases on this issue, other circuits have considered the application of (b)(6). In United States v. Wright-Darrisaw, 781 F.3d 35 (2nd Cir. 2015), the Second Circuit considered two factors for a sentencing court to consider:

> Examining the language of § 2A6.1(b)(6), and the dispositions in these cases, we note two factors that courts have considered in deciding whether to apply the four-level reduction: (1) whether, and under what circumstances, the threat itself has been repeated and (2) whether there is evidence of planning or some effort to carry out the threat. It is undisputed that the particular threat here was not repeated. The issue is therefore whether there

is sufficient evidence of planning or some effort to carry out the threat.

*Wright-Darrisaw* at 40-41. The threat itself was not repeated, as Mr. Smocks only

sent it out once and only pled to one count. Furthermore, as indicated in the

Statement of Facts, Mr. Smocks had made plans to travel internationally at the time

the actions on the threat were said to occur, which shows that Mr. Smocks did no

planning or effort to carry out the threat. Accordingly, the 4-level offense level

decrease of (b)(6) should have been applied, making the base level 6. Further, in

United States v, Sanders, 41 F.3d 480 (9th Cir. 1994), the Ninth Circuit discussed

the fact of a single instance. It stated:

> "Single instance" connotes not only a temporal relationship, but also a
> "single purpose" or "single scheme." Especially when considered together
> with the "little or no deliberation" requirement, the term suggests that the
> reduction should apply to defendants whose threats are the product of a
> single impulse, or are a single thoughtless response to a particular event.

*Sanders* at 484. As the communications in this case all related to this one

"scheme," it constitutes the single instance like *Sanders*. Accordingly, the 4-level

reduction should apply in Mr. Smocks' sentence calculation of his offense level.

10.     As this sentencing guideline range adjustment will place Mr. Smocks

in a sentencing guideline range where even the top end of the guideline range will

be lower than the time Mr. Smocks has already spent in jail, Mr. Smocks has no

objection to a sentence of time served without the need for a resentencing hearing.

Alternatively, Mr. Smocks would respectfully request a resentencing hearing.

WHEREFORE, for the reasons stated above, defendant Troy Smocks respectfully requests that the court correct the original sentence in this matter and resentence Mr. Smocks to a sentence in the appropriate sentence guideline range, and, if required, a resentencing hearing.

Respectfully submitted,

TROY ANTHONY SMOCKS
By Counsel


  /s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Troy Anthony Smocks
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

6

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 4th day of November, 2021, which will send a notification of such filing (NEF) to the following to all counsel of record.


   /s/John L. Machado
John L. Machado, Esq.
  Bar Number 449961
  Attorney for Troy Anthony Smocks
Law Office of John Machado
503 D Street NW, Suite 310
  Washington, D.C. 20001
Telephone (703)989-0840
  Email: johnlmachado@gmail.com