IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIM NO. 21-CR-198-TSC |
| TROY ANTHONY SMOCKS, | ) Judge: Chutkan |
| | ) |
| Defendant. | ) |

**REPLY TO THE GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO MOTION TO CORRECT SENTENCE**

COMES NOW Troy Anthony Smocks, by and through counsel, and files the following reply to the Government's Memorandum in Opposition to Motion to Correct Sentence (hereinafter "Opposition")(Dkt. 65), which was in response to the Troy Smocks' Motion to Correct Sentence (hereinafter "Motion") (Dkt. 64), stating as follows:

1. The government's first argument in its Opposition is that the Motion fails to allege any "arithmetical, technical, or other clear error." Fed. R. Crim. Pro. 35(a). This is simply not true. As explained in the opposition, the court did not decrease Mr. Smocks level by four under USSG § 2A6.1(b)(6). This section under the Sentencing Guidelines does not provide for an option for the court to not apply (or at the very least, consider) the decrease by four levels. Accordingly, as long as the condition precedent applies – a "single instance evidencing little or no

1

deliberation" – then the court committed clear error. As argued in the original Motion, Mr. Smocks submits that those conditions precedent apply. Thus, there is clear error and should be properly corrected pursuant to a Rule 35(a) motion.

    2.      The government's second argument revolves on the fact that this was not a "single instance." Besides the arguments made in the Motion, Mr. Smocks would point out that the "multiple" posts on his social media account involved Mr. Smocks opinions, but it was only the two posts that were charged by indictment that were actual alleged threats. Mr. Smocks pled to only one instance and one threat. Also, the government's suggestion that his "anger over the November 2020 election" somehow suggests "extensive prior deliberation" is misplaced. Mr. Smocks and his postings were Mr. Smocks exercising his First Amendment rights and asserting his political opinion. It is not "deliberation" of a threat. Accordingly, the court should grant the 4-level decrease under USSG § 2A6.1(b)(6).

    3.      The government's third argument espouses that Mr. Smocks is not permitted to make an argument because he is estopped from doing so. Mr. Smocks concedes that the argument was not made at the time of the argument. Indeed, the argument was not applicable or proper until the court ruled that the +4 enhancement under USSG § 2A6.1(b)(4) was not going to be applied. The fact that the parties did not argue (and, under the terms of the plea agreement, could not

argue) the application of certain increases or decreases in levels does not mean that the court should not or could not consider it independently. Indeed, the +4 enhancement, which the court legitimately considered, was only first suggested by the Presentence Report writer and not by the parties within the plea agreement. Just as the court chose to consider, and eventually reject, the USSG § 2A6.1(b)(4) increase independently without being requested by the parties; it should have considered the USSG § 2A6.1(b)(6) decrease independently as well. For the reasons described in the motion, the court should consider the USSG § 2A6.1(b)(6) decrease and, for reasons previously argued, grant said four-level decrease.

    4.    As to the government's fourth argument, respectfully, the defense is not certain what is being argued. The government concede in the Opposition that the Motion was filed in the 14-day time period, albeit by six minutes before the technical deadline.[1] Rule 45 of the Federal Rules of Criminal Procedure provide that the last day "for electronic filing…[is] at midnight in the court's time zone." Fed. R. Crim. Pro. 45(a)(4)(a). The Motion was electronically filed in time under the Rule and therefore this particular argument is moot.

---

1 Not of any particular relevance to the argument, but undersigned counsel required a late evening filing on that day as he was assisting his son with the preparation of college applications after a busy court day. Undersigned counsel has his priorities and would not done anything differently.

WHEREFORE, for the reasons and arguments made above, Defendant Troy Anthony Smocks prays that the court amend the sentence as requested in his original motion.

Respectfully submitted,

TROY ANTHONY SMOCKS
By Counsel

   /s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Troy Anthony Smocks
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 29th day of November, 2021, which will send a notification of such filing (NEF) to the following to all counsel of record.

    /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Troy Anthony Smocks
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com