# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| v. | ) Criminal No. 21-cr-00198 (TSC) |
| **TROY ANTHONY SMOCKS** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Troy Anthony Smocks was sentenced to 14 months of imprisonment on October 21, 2021 after pleading guilty to one count of Threats in Interstate Communications, in violation of 18 U.S.C. § 875(c). On November 4, Smocks filed a Motion to Amend/Correct Sentence, arguing that this court improperly failed to consider USSG § 2A6.1(b)(6) at sentencing. ECF No. 64. For the reasons below, this court will DENY Defendant's Motion.

1

## I. BACKGROUND

On the morning of the January 6 riots at the U.S. Capitol, Smocks—who had travelled to Washington, D.C. from Texas the day before—posted a message on a social media service threatening to injure law enforcement officers. Statement of Offense ¶ 9, ECF No. 53. Later that evening, Smocks sent another message threatening to injure politicians and technology company executives. *Id.* ¶ 10. These threats formed the basis for Smocks' guilty plea.

Smocks' plea agreement considered the United States Sentencing Commission's 2018 Sentencing Guidelines at length. Applying USSG § 2A6.1, the agreement contemplated a base offense level of 12, with a 2-level reduction for acceptance of responsibility, per USSG § 3E1.1, for an estimated offense level of 10. *See* Plea Agreement at 2-3, ECF No. 54. The plea agreement estimated a criminal history category of II, based on Smocks' prior felony conviction in the Eastern District of Texas. *Id.* at 3. As a result, Smocks's plea agreement considered a guideline range of 8 to 14 months of incarceration.

The Probation Office's calculation included an additional 1-level reduction for acceptance of responsibility per USSG §3E1.1(b), while imposing a 4-level increase per USSG § 2A6.1(b)(4), which applies if the offense results in either a "substantial disruption of public, governmental, or business functions or services, or . . . a substantial expenditure of funds to clean up, decontaminate, or otherwise respond to the offense." Hence, the Probation Office calculated a total offense level of 13, which, given a criminal history category of II, resulted in a guideline imprisonment range of 15 to 21 months.

At sentencing on October 21, 2921, the court declined to apply either USSG § 2A6.1(b)(4) (4-level increase) or § 3E1.1(b) (1-level decrease).[1] *See* Sentencing Hr'g Tr. at 20:19-24.  It therefore found Smocks's base offense level to be 10, and his criminal history category to be II, resulting in a guideline sentence range of 8 to 14 months' imprisonment and 1 to 5 years of probation.  After hearing allocution from counsel and Smocks and having considered the factors set forth in 18 U.S.C. 3553(a), the court sentenced Smocks to 14 months of incarceration and 36 months of supervised release.

On November 4, Smocks filed the instant motion, arguing that the court failed to consider USSG § 2A6.1(b)(6) in sentencing him.  That guideline provides for a 4-level reduction in a defendant's base offense level if the specific offense characteristics outlined in USSG § 2A6.1(a)(2) or (b)(1)-(5) do not exist, and if "the offense involved a single instance evidencing little or no deliberation." Noting that the court declined to apply USSG § 2A6.1(b)(4) at sentencing, Smocks argues that the court "was required" to decrease its total offense level by 4, resulting in a guideline incarceration of 1 to 7 months, or time served.  Def's Mot. ¶¶ 3-4, 10, ECF No. 64.

## II.   Legal Standard

Federal Rule of Criminal Procedure 35(a) allows a court to correct a sentence within 14 days after sentencing if the sentence "resulted from arithmetical, technical, or other clear error." This rule is narrow in scope.  *See U.S. v. Palmer*, 854 F.3d 39, 47 (D.C. Cir. 2017) (citing *Hill v. U.S.*, 367 U.S. 424, 430 (1962)).  It applies only to "errors which would almost certainly result in a remand of the case to the trial court." Fed. R. Crim. P. 35, (Advisory Committee's Note on

---

[1] The court declined to include a possible Missouri criminal conviction to the criminal history calculation due to a lack of "sufficient corroboration."  *See* Sentencing Hr'g Tr. at 21:9-11.

1991 Amendment). It is not intended to be used to force the court to reconsider "the application or interpretation of the sentencing guidelines, . . . [or] the appropriateness of the sentence. . . ." *Id.*

### III.   DISCUSSION

Smocks' assertion that the court's decision not to apply USSG § 2A6.1(b)(6) constitutes clear error under Rule 35(a) incorrectly interprets that guideline's requirements.[2] For a court to apply a 4-level reduction under § 2A6.1(b)(6), it must not have applied subsections (a)(2) or (b)(1)-(5), the offense must have involved a "single instance," and this single instance must have evidenced "little or no deliberation." Here, the court considered and declined to apply § 2A6.1(b)(4). And, contrary to Smocks' arguments, his conduct involved more than a single instance and showed more than a "little or no deliberation."

### A.   Single Instance

Smocks claims that his two threats—one sent on the morning of the January 6 riots, the other in the evening—were really part of a single scheme. Def.'s Mot. ¶ 9. In support, he relies on a Ninth Circuit case acknowledging the possibility that multiple threats could fall under one "purpose" or scheme" when they are impulsive or a thoughtless response to a particular event. *See U.S. v. Sanders*, 413 U.S. 480, 484 (9th Cir. 1994). That reliance is unavailing, as the case goes on to reject the notion that defendants who make multiple similar threats over an extended period of time are impulsively responding to a particular event and thus eligible for a § 2A6.1(b)(6) reduction. *Id.* Smocks himself concedes that the conduct for which he was convicted constituted two separate "threatening statements on social media," rather than a single scheme. *See* Statement of Offense ¶¶ 9-11, ECF No. 53; *see also* Plea Hr'g Tr. at 12:11-16:2,

---

[2] Smocks only alleges clear error, not arithmetical or technical error. *See* Def.'s Reply at ¶ 1.

ECF No. 58. It would stretch the imagination—and require ignoring Smocks' own admission—to find that his two separate messages were actually a single impulsive scheme, and thus a single threat. Consequently, the court committed no error, clear or otherwise, in declining to consider Smocks' conduct a single instance and apply § 2A6.1(b)(6)'s 4-level reduction.

### B. Deliberation

Smocks also argues that his threats were not the result of significant deliberation because he neither "discussed his threats with others before sending them" nor "spent any extended period of time or effort in making his threat." Def.'s Mot. ¶ 7. The record does not support this assertion. According to the Statement of Offense, which Smocks signed, he travelled from Texas to the Washington D.C. area specifically for the January 6 riots, arriving on January 5 and leaving on January 7. Statement of Offense ¶ 8. His first threat stated "we . . . by the millions, have arrived in Washington D.C.," and he went on to threaten to return "carrying Our [sic] weapons . . . in numbers that no standing army or police agency can match." *Id.* ¶ 9. After the riots ended, he sent a second threat saying that "[w]e took the Capital" and pledging to "hunt . . . RINOS, Dems, and Tech Execs." *Id.* Taking a cross-country flight for the January 6 riots, threatening elected officials, and then sending a second threat hours later is hardly little or no deliberation. *See, e.g.*, *U.S. v. Wright-Darrisaw*, 781 F.3d 35, 41 (2d Cir. 2015) (Conduct "leading up to and following the time the threat was made . . . provide[s] a basis for inferring deliberation sufficient to reject the four-level reduction."). While his threats may have been his alone, Smocks' conduct before and on January 6 evince far more than little or no deliberation, and the court did not err in declining to apply § 2A6.1(b)(6) on this basis.

## IV.   CONCLUSION

Smocks has failed to show clear error in this court's sentence as required by Rule 35(a). The court will therefore dismiss his motion. A separate order will accompany this opinion.

Date:  December 20, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge