## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) |
| | ) **CRIM NO. 21-CR-198-TSC** |
| **TROY ANTHONY SMOCKS,** | ) **Judge: Chutkan** |
| | ) |
| **Defendant.** | ) |

## OBJECTION TO PROBATION PETITION

COMES NOW Troy Anthony Smocks, through counsel, and objects to the

Probation Petition (Dkt. 71). As reasons therefor, Mr. Smocks states as follows:

## BACKGROUND

On September 29, 2021, Troy Smocks pled guilty to count one of the

indictment via a plea agreement. Mr. Smocks pled guilty to one count of 18 U.S.C.

§ 875(c), Threats Via Interstate Communications. As part of the Statement of

Offense and colloquy during the plea hearing, Mr. Smocks agreed that he travelled

from his residence in Texas to the Washington, D.C., area on January 5, 2021. On

the morning of January 6, 2021, while located in Washington, D.C., the defendant

sent an electronic message on a social media service, namely Parler.[1] The message

contained a general threat to injure law enforcement officers and other groups. The

---

1 These statements are made for argument purposes and not to be perceived as any sort of admission that may be averse to assertions being made in collateral proceedings.

1

defendant also admitted at the plea hearing that he sent the electronic messages on the social media service for the purpose of issuing threats, and with knowledge that his communications would be viewed as threats.

On December 3, 2021, Mr. Smocks was sentenced to fourteen (14) months incarceration followed by thirty-six (36) months of supervised release. After completing his jail sentence, he eventually reported to begin his supervised release in the Eastern District of Texas, where he previously resided and now currently resides.

On July 27, 2022, officers from the U.S. Probation Office for the Eastern District of Texas contacted Mr. Smocks and requested that he voluntarily sign a document entitled Waiver of Hearing to Modify Conditions of Probation/ Supervised Release or Extend Terms of Supervision. Mr. Smocks refused to voluntarily sign under the advice of counsel.[2] On July 28, 2022, counsel for Mr. Smocks informed the Probation Office that a Petition for Writ of Habeas Corpus challenging the validity of restraint against Mr. Smocks on the basis of insufficient jurisdiction in the D.C. federal courts, and jurisdiction over Mr. Smocks was now vested in the habeas corpus court under U.S. District Judge Amos Mazzant III. On September 7, 2022. the U.S. Probation Office for the Eastern District of Texas filed

---

2  Mr. Smocks received advice in this regard from his Texas attorney in his habeas corpus petition. Undersigned counsel adopts that recommendation and determination for purposes of this hearing.

a Probation Petition with the district court in the District of Columbia, to allow the U.S. Probation Office and its subordinates, authority to search at will, Mr. Smocks' electronic devices to include computers, cell phones, and all *third party devices* that Mr. Smocks may use in the course of business, studies, finances, religious, and social related activities. (emphasis added) Part of what the modification will adjust is the authority "to enable the probation officer to allow the person under supervision access to computers and internet-connected devices for a variety of reasons *while monitoring and potentially deterring* future violations of supervision." Probation Petition at 2 (emphasis added).

To date, Mr. Smocks has not committed any sort of violation to the conditions of supervised release. He has complied with the requirements applied by this court as part of supervised release and has not previously made any objections. There has not even been any suggestion that Mr. Smocks is using the internet for any nefarious means. Mr. Smocks, however, strongly objects to the Probation Office Permission's request to do any monitoring of his electronic communications, as doing so will be in violation of his First Amendment rights as well as any attorney-work product in which he is engaged. In addition, doing so may be in violation of Texas law, as statutory law from the state of Texas and federal interpretation of that law would put the government in violation of such

3

laws, which was meant to protect the First Amendment rights of citizens.

## ARGUMENT

Mr. Smocks is a resident of Texas and resides and is being supervised in the Eastern District of Texas. Mr. Smocks serves as a legal assistant for various criminal defense lawyers throughout the United States and thus operates under the privilege of attorney work project.[3]

On July 6, 2022, Mr. Smocks brought forth a free-standing claim of actual innocence in a pending habeas corpus action in the United States District Court for the Eastern District of Texas, Case No. 4:22-cv-00592-ALM-KPJ, predicated upon "constitutionally protected political speech" involving cell phone communications on January 6, 2021, relating to the 2020 presidential election.

### A. Lack of Jurisdiction

Mr. Smocks, as the court is aware, was a resident of the state of Texas at the time of this incident. Mr. Smocks was arrested there and was eventually transported to the District of Columbia. He was preventively detained, and after he

---

[3] It is worth noting that Mr. Smocks legal assistance is not one of recent fabrication or convenience. Counsel in Mr. Smocks' habeas petition makes a point of indicating that Mr. Smocks provides legal assistance to himself and to other individuals being accused of crimes related to January 6th. Indeed, undersigned counsel was first appointed to this case when Mr. Smocks filed a sound *pro se* motion in his own case regarding a motion to dismiss based on delays in transportation which provided a legitimate basis for dismissal. (Dkt. 10) Mr. Smocks was also very active in his own representation and provided undersigned counsel with relevant legal research on a regular basis.

finished serving his fourteen (14) months at the jail in the District of Columbia, he returned to Texas, where he began his period of supervised release.

The court lacks jurisdiction on Mr. Smocks for two reasons. First, upon the transfer of the supervised release to Texas, the court transferred its jurisdiction to his residence; namely, the Eastern District of Texas. Also, because Mr. Smocks has filed a Writ of Habeas Corpus, jurisdiction similarly transfers to where Mr. Smocks filed the Writ of Habeas Corpus, also the Eastern District of Texas. Second, given the fact that this involves case law that involves interpretation of Texas law, the court should defer to the determination of this matter by the courts in Texas via Mr. Smocks' Writ of Prohibition, where it is more properly proper for review.

### 1.  Transfer under 18 U.S.C. § 3605

Under 18 U.S.C. § 3605, jurisdiction of supervised release can be transferred to another jurisdiction. It states:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227. 18 U.S.C. § 3605.

5

In the present case, Mr. Smocks' supervised release was transferred to the Eastern District of Texas. He has been supervised by that court since his release and has not been reporting at any time to the District of Columbia. Accordingly, the jurisdiction should be in the Eastern District of Texas and not in the District Court of the District of Columbia. See, e.g., *United States v. Weliczko*, 8 F.3d 809 (1st Cir. 1993)(denying appeal because jurisdiction had been transferred to new jurisdiction under 18 U.S.C. §3605); *United States v. El Herman*, 971 F.3d 784 (8th Cir. 2020)(original jurisdiction in Iowa did not have jurisdiction because supervised release was transferred to Illinois under 18 U.S.C. §3605).

## 2. Filing of the Writ of Prohibition

On September 30, 2022, Troy Smocks filed an Emergency Petition for Writ of Prohibition, Case 4:22-cv-00838-ALM-KPJ (Dkt. 1). This pleading has been filed in this matter has been filed in a Notice of Filing, dated October 4, 2022, in this matter. (Dkt 73-1) In that matter, the court is asked to prohibit the actions of this Honorable Court due to case law and, more specifically, Texas law. In fact, pursuant to arguments presented in the Writ, the actions that are being requested may in fact be in violation of law. Indeed, an order by this court could place the probation office in a position where it would be violating Texas law simply due to the fact that it has been

directed to take the action requested by the probation office in the District of

Columbia. Accordingly, given the fact that the issues include interpretation

of case law and Texas statutes, this court should defer to the Eastern District

of Texas, where this conflict of laws should more properly be decided.

## B. Arguments in the Writ of Prohibition

In support of its argument, Mr. Smocks adopts and incorporated by reference

the arguments made in Mr. Smocks' Emergency Petition for Writ of Prohibition,

Case 4:22-cv-00838-ALM-KPJ (Dkt. 1), filed September 30, 2022. This pleading

has been filed in this matter has been filed in a Notice of Filing, dated October 4,

2022, in this matter. (Dkt. 73-1) More specifically, Mr. Smocks presents the

arguments presented in ¶¶ 10-31. These arguments include, but not limited to, the

following: 1) the application of the *Netchoice, LLC v. Paxton* decision and its

determination of unconstitutional censorship of speech; 2) attorney work product

factor;   and 3) the inherent right to privacy.

## C. First Amendment Concerns

In 18 U.S.C. § 3583, the limitations on supervised release conditions are

discussed. Specifically, under 18 U.S.C. § 3583(d), which discussed conditions of

supervised release, state that

> The court may order, as a further condition of supervised
> release, to the extent that such condition….

**(2)** involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D). 18 U.S.C. § 3583(d)(2).

"'A district court has wide discretion in imposing terms and conditions of supervised release. 'That discretion, however, has limits. 'A special condition of supervised release ... must comply with [18 U.S.C.] § 3583(d) to survive a First Amendment challenge.'..." *United States v. Abbate*, 970 F.3d 601, 605 (5th Cir. 2020)

The condition that is being applied in this matter seeks to place software that will essentially monitor all of Mr. Smocks' internet communication. While this would include social media postings (which the probation office has no reason to believe there are any), it will also include personal communications with individuals, which includes his communications with legal professionals and other defendants who Mr. Smocks is aiding with legal research. It will also include all his political discussions and information dissemination. This is particularly dangerous in that the limitation will put innocent individuals to whom Mr. Smocks is communicating (in a noncriminal fashion) with the danger of having their conversations improperly viewed and observed by the government. Placing such monitoring upon Mr. Smocks is simply unnecessary, overbroad, and run afoul of

his First Amendment rights. Indeed, it will have a chilling effect on communications upon Mr. Smocks and on anyone with which he has a right to converse under the First Amendment. It will also potentially violate attorney work product privilege with individuals Mr. Smocks is helping, either based upon research or even sharing his experiences as a defendant in a court system that imprisoned and is now supervising him. Unnecessarily overseeing his communications involves a deprivation of his First Amendment rights that is not "reasonably necessary" under the law.

In researching for limitations, undersigned counsel could not find any case which involved similar limitations placed on people under supervised release that did not involve a sex offender defendant. Mr. Smocks would suggest that this is simply because a limitation in a case like this is not "reasonably related" to the charge, as required 18 U.S.C. § 3583(d)(1). In fact, some courts have even found limitations on computer use to be too broad and not in line with 18 U.S.C. § 3583(d) in sex offenses that were not related to computer use. See United States v. Tang, 718 F.3d 476, 484 (5th Cir. 2013)("The Internet ban is not "reasonably related to the factors set forth in § 3553(a) and involves a greater deprivation of liberty than reasonably necessary." 18 U.S.C. § 3583(d)(1)-(2). The ban does not relate to the 'nature and circumstances' of Tang's offense: here, the failure to

register as a sex offender."). In short, this court does not to take the actions requested by the probation office, as it is overly broad, unnecessary, and would violate attorney work product of other individuals.

Accordingly, Mr. Smocks respectfully requests that this court not take any action and/or reject the petition, either due to a) lack of jurisdiction, b) the court's intent to defer to the Writ filed in the Eastern District of Texas; or c) find the request to be overbroad and in violation of Mr. Smocks' rights.

Respectfully submitted,

TROY ANTHONY SMOCKS
By Counsel

  /s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Troy Anthony Smocks
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 17th day of October, 2022, which will send a notification of such filing (NEF) to the following to all counsel of record.

    /s/John L. Machado
 John L. Machado, Esq.
 Bar Number 449961
 Attorney for Troy Anthony Smocks
 Law Office of John Machado
 503 D Street NW, Suite 310
 Washington, D.C. 20001
 Telephone (703)989-0840
 Email: johnlmachado@gmail.com